<div style="columns: 2;">

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

</div>

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHEAP HUL, ) | No. SACV 12-1174-PA(CW) |
| ) Petitioner, ) | ORDER OF DISMISSAL |
| ) v. ) | |
| ERIC HOLDER, et al., ) | |
| ) Respondents. ) | |

    This pro se Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) was filed on July 19, 2012, and challenged petitioner's alleged indefinite detention awaiting removal to Cambodia. [Docket no. 1.]  In a notice filed September 17, 2012, Respondents have provided documents showing that Petitioner was removed from the United States to Cambodia on September 10, 2012. [Docket no. 11.]  Respondents suggest that the petition be dismissed as moot. [Id.]

    Federal court jurisdiction is limited to adjudication of actual cases and live controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).  Federal

courts lack jurisdiction over moot questions.  <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)(per curiam). When a federal court lacks the power to grant the relief requested, the case is moot.  <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 775 (9th Cir. 1991).  The relief sought by petitioner was release from "indefinite" immigration detention.  Because Petitioner has been removed from the United States and is no longer in federal custody, the court lacks the power to grant the relief requested, and the case is moot.

Accordingly, **IT IS ORDERED** that judgment be entered dismissing this action as moot.  The Clerk shall serve this order and the judgment herein on Petitioner and all counsel.

DATED:   September 26, 2012

_____
PERCY ANDERSON
United States District Judge

Presented by:

Dated:   September 21, 2012

_____
CARLA M. WOEHRLE
United States Magistrate Judge

2